UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL JAMES KEITZ,

                                            Plaintiff

                                                                    DECISION AND ORDER

-vs-
                                                                    14-CV-6600  CJS

REV. JOEL TERRAGNOLI, ANTHONY J.
ANNUCI and UNNAMED DIRECTOR,
MINISTERIAL & FAMILY SERVICES,

                                            Defendants

_____

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and

Institutionalized Persons Act of 2000 ("RLUIPA") 42 U.S.C. § 2000cc *et seq.*, in which

Michael James Keitz ("Plaintiff"), formerly an inmate in the custody of the New York

State Department of Corrections and Community Supervision ("DOCCS"), proceeding

*pro se*, alleges that after he was placed in the punitive Special Housing Unit ("SHU") at

Collins Correctional Facility ("Collins"), Defendants refused to allow him to immediately

change his religious designation to receive kosher meals, pursuant to a DOCCS

directive (Directive 4202) that prevents inmates confined in the SHU from changing

their religious designation for a period of one year.  Now before the Court is

Defendants' motion (Docket No. [#11]) to dismiss the action for failure to exhaust

administrative remedies as required by 42 U.S.C. § 1997e(a).  Plaintiff admits in his

Complaint [#1] that he filed this action without attempting to exhaust his administrative

remedies, and the reason he offers is legally insufficient to excuse such failure.

Accordingly, the application to dismiss is granted.

BACKGROUND

On October 21, 2014, Plaintiff commenced this action. The Complaint indicates that approximately one month earlier, on September 25, 2014, Plaintiff was placed in the SHU at Collins to serve a disciplinary sentence. Prior to that date, Plaintiff had selected the religious designation, "Not Specified." However, the same day Plaintiff arrived at Collins he filed a "Change of Religious Designation" form, indicating that he was "Jewish" and that he wanted to receive the kosher "Cold Alternative Diet." However, defendant Joel Terragnoli ("Terragnoli"), the Chaplain at Collins, informed Plaintiff that he could not change his religious designation until one year had passed, pursuant to DOCCS Directive 4202, which, Plaintiff maintains, directs that "changes of religious designation shall not be permitted while a Superintendent's Proceeding is pending and for the duration of an inmate's confinement to a cell, room of special housing unit, but not to exceed 12 months from the commencement of such confinement."

With regard to exhaustion of administrative remedies, the body of the Complaint states:

> Plaintiff has not filed a grievance in the instant matter for the following reasons: A. Administrative Remedies are, in fact, unavailable. B. Special circumstances negate the PLRA requirement. C. Defendants' own actions estop the exhaustion defense. Plaintiff is prepared to demonstrate specifically, at any pretrial evidentiary hearing on exhaustion, that the inmate grievance program in NYS is systematically flawed, one sided & intentionally unfair; in violation of 'fairness' requirements of Corrections Law § 139 & DOCCS Directive 4040. Furthermore, prison employees were demonstrably advised & directed by Acting Commissioner & Defendant, Anthony J. Annucci, in his decades long capacity as DOCCS Counsel, to refrain from writing or 'documenting' any supporting facts, which may be 'discoverable' in a civil proceeding, such

> as the instant matter; via defendant Annucci's written advisement to create 'systematic protocols' such as these, which are designed to thwart litigation.  Grievance documents or decisions, therefore, are not allowed to contain conclusions which support any inmate assertions of statutory or constitutional violations by DOCCS staff.  This 'Annucci Protocol,' if you will, renders administrative remedy unavailable by executive fiat, & DOCCS would not 'address the merits' as described & envisioned in *Woodford*.  Plaintiff believes this misconduct & result falls within the parameters of the 2d Circuit's exhaustion exemption criteria as delineated in *Hemphill (et al)*, & that Annucci's own actions inhibiting 'fair' process as required by law warrant estoppel.

Complaint [#1] at p. 12.

On December 24, 2014, Plaintiff notified the Court that "the dynamics of the case ha[d] changed," because he was released from the SHU on October 30, 2014, and was then allowed to change his religious designation.

On July 30, 2015, Defendants filed the subject motion to dismiss, which is based solely on failure to exhaust administrative remedies.  On August 21, 2015, the Court issued a Motion Scheduling Order [#12], directing Plaintiff to file and serve any opposing papers by September 11, 2015.  Plaintiff never filed a response, though he notified the Court that he has been released from prison.

DISCUSSION

<u>Exhaustion of Administrative Remedies</u>

It is undisputed that Plaintiff failed to exhaust his administrative remedies before commencing this action, and Defendants maintain that the Court should reject the excuse he has offered.  The relevant legal principles are clear:

> The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison,

> or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Prisoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures.
>
> ***
>
> The exhaustion inquiry thus requires that we look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures.
>
> ***
>
> The IGP has a regular three-tiered process for adjudicating inmate complaints: (1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ("IGRC"), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Officer Review Committee ("CORC"). N.Y. Comp.Codes R. & Regs., tit. 7, § 701.7.

*Espinal v. Goord*, 558 F.3d 119, 123-125 (2d Cir. 2009) (citations and internal quotation marks omitted).

Failure to exhaust as required by 42 U.S.C. § 1997e(a) is an affirmative defense, and inmates are therefore not required to plead that they have exhausted administrative remedies before commencing the action. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007). Nevertheless, an inmate's complaint is subject to dismissal where "the allegations in the complaint suffice to establish" a failure to comply with § 1997e(a). *Jones v. Bock*, 549 U.S. at 215, 127 S.Ct. at 921.

However, an inmate's duty to exhaust administrative remedies under § 1997e(a) may be excused in certain cases:

> Though exhaustion is generally mandatory, we have explained that a failure to exhaust administrative remedies may be excused where: (1) the

>administrative remedies were not in fact available; (2) prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) "special circumstances ... justify the prisoner's failure to comply with administrative procedural requirements." *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004) (internal quotation marks omitted).

*Dabney v. Pegano*, 604 Fed.Appx. 1, 3, 2015 WL 664562 at *1 (2d Cir. Feb. 17, 2015). An inmate, though, cannot avoid the exhaustion requirement merely because he believes, however unreasonably, that it would be futile to file a grievance. *See, e.g, Turnage v. Dzurenda*, No. 3:13-CV-838 (VLB), 2015 WL 4978486, at *4 (D. Conn. Aug. 20, 2015) ("Here, Plaintiff acknowledged that he never attempted to pursue administrative remedies and offered as justification only his subjective belief that an administrative proceeding would have been futile. This is insufficient to meet the legal requirement for futility."); *Mena v. City of New York*, No. 12 CIV. 0028 CM, 2014 WL 2968513, at *6 (S.D.N.Y. June 27, 2014) ("A prisoner's perception that the facility's grievance program was ineffective or that the filing of grievances was futile is insufficient to negate the PLRA's exhaustion requirement.") (citation and internal quotation marks omitted).

      Here, Plaintiff does not claim that any person at Collins, let alone any defendant, prevented him personally from exhausting his claim. Nor does Plaintiff claim that he was unfamiliar with the exhaustion requirements or with DOCCS' inmate grievance system. To the contrary, Plaintiff indicates that the subject claim arose while he was serving his *third* term of incarceration in New York State's prison system. Indeed, Plaintiff claims to be very knowledgeable about the DOCCS grievance program, so much so that he has concluded that DOCCS's entire state-wide grievance process is

"systematically flawed, one sided & intentionally unfair."[1] He maintains that such unfairness "renders administrative remed[ies] unavailable." However, the Court disagrees, and finds, from the face of the Complaint, that Plaintiff unjustifiably failed to exhaust his administrative remedies before commencing this action. Consequently, Plaintiff's claims under Section 1983 and RLUIPA are dismissed for failure to comply with 42 U.S.C. § 1997e(a). To the extent that Plaintiff is attempting to assert state law claims, they are dismissed pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Defendants' motion to dismiss [#11] is granted. Plaintiff's claims are dismissed without prejudice, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:   Rochester, New York
         January 5, 2016

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[1] Even if the Court were to accept Plaintiff's theory that DOCCS employees have been instructed not to make factual admissions when responding to grievances, it is difficult to see how that would affect Plaintiff, since his case involves the constitutionality of an undisputed policy.